Filed 8/21/20  P. v. Appling CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CAMILLE APPLING,<br><br>    Defendant and Appellant. | D077052<br><br><br>(Super. Ct. No. SCE389847) |

APPEAL from a judgment of the Superior Court of San Diego County, Patricia K. Cookson, Judge.  Affirmed.

Camille Appling, in pro. per.; and Arielle Bases, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

A jury convicted Camille Appling of one count of elder abuse (Pen. Code,[1] § 368, subd. (b)(1); count 1) and assault with force likely to cause great bodily injury (§ 245, subd. (a)(4); count 2).  The court sentenced Appling to a

---

1    All further statutory references are to the Penal Code.

three-year term for count 1 but suspended the execution of the sentence and granted Appling probation on various terms and conditions.[2]

Appling filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks this court to review the record for error as mandated by *Wende*. We offered Appling the opportunity to file her own brief on appeal. Appling has responded with a lengthy supplemental brief raising a number of matters outside the record on appeal as well as challenges to the credibility of the victim in the case.

## STATEMENT OF FACTS

In March 2019, Appling and her son were living with her grandmother (the victim). The victim was 78 years old at the time of the event in this case. Appling and the victim got into an argument which led to a physical encounter. Appling threw the victim onto a bed and choked her for several seconds using both hands.

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record as mandated by *Wende*. To assist the court in its review of the record, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified multiple possible issues that were considered in evaluating the potential merits of this appeal:

1. Whether there was enough evidence of force likely to cause great bodily injury;

2. Whether there was sufficient evidence to prove elder abuse (§ 368, subd. (b)(1));

---

[2] The sentence on count 2 was stayed under section 654.

2

3. Whether the trial court erred when it allowed an expert witness to testify about strangulation;

4. Whether the court erred and abused its discretion in allowing the 911 recording to be played to the jury; and

5. Whether the trial court erred and abused its discretion in excluding evidence of Appling's membership in nonprofit organizations.

In her supplemental brief, Appling contends the victim lied and that in reality, Appling was the victim of an assault. She has included letters of support, the transcript of the 911 call, and pictures of herself and her son. We have carefully reviewed her submission but find it does not identify any arguable issues for reversal on appeal.

We have reviewed the entire record as required by *Wende* and *Anders*. We have carefully considered the multiple possible issues raised by Appling's brief. In light of the record, none of the possible issues rises to the level of arguable issues for reversal on appeal, nor have we discovered any arguable issues in the remainder of the record.

Competent counsel has represented Appling on this appeal.

## DISPOSITION

The judgment is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

AARON, J.

GUERRERO, J.